UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARNALDO JOSE HENRIQUEZ GARCIA,

Petitioner,

v. Case No. 3:26-cv-2063-MMH-SJH

WARDEN RONNIE WOODALL, et al.,

Respondents.

---

**ORDER**

Petitioner Arnaldo Jose Henriquez Garcia, an immigration detainee, initiated this action by filing through counsel a Verified Petition for Writ of Habeas Corpus (Doc. 1) on August 10, 2026. Henriquez Garcia, a citizen of Venezuela, was paroled into the United States on October 8, 2023. Doc. 5-1 at 2. After his parole expired, on June 28, 2026, United States Immigration and Customs Enforcement detained Henriquez Garcia. Doc. 5-3 at 2. The crux of Henriquez Garcia's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225. See generally Doc. 1. As relief, he seeks immediate release or an individualized bond hearing. Id. at 22.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det.

Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Henriquez Garcia, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Henriquez Garcia was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Henriquez Garcia's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Henriquez Garcia an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Henriquez Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

[1] Because the Court finds that Henriquez Garcia is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/2
c:
Counsel of Record